ON RETURN TO REMAND

LONG, Judge.
On April 19, 1996, we remanded this cause with directions for the trial court to hold an evidentiary hearing addressing the appellant’s contention in his Rule 32, Ala.R.Crim. P., petition that his 20-year sentence for unlawful possession of a controlled substance, a Class C felony, exceeded that authorized by law.[1]
In his petition, the appellant alleged that he was not sentenced as a habitual offender and that, consequently, his 20-year sentence exceeded the 10-year maximum sentence authorized for Class C felonies. See § 13A-5-6(a)(3), Ala.Code 1975. Nothing in the record on appeal from the denial of the petition refutes the appellant’s allegations. At the evidentiary hearing on remand, the appellant’s guilty plea proceedings were entered into the record. The record clearly reflects that, notwithstanding the claim in his petition, the appellant was in fact sentenced pursuant to the Habitual Felony Offender Act; that when pleading guilty, the appellant was aware of the applicability of the Act to his sentence; that the appellant admitted to having one prior felony conviction; and that the appellant stated that he was aware his sentence could be for up to 20 years in prison. Under § 13A-5-9(a)(l), Ala.Code 1975, then, the appellant’s sentence upon conviction of the Class C felony was properly enhanced to a Class B felony. The sentencing range for a Class B felony under § 13A-5-6(a)(2), Ala. Code 1975, is 2 to 20 years in prison. Therefore, the appellant’s 20-year sentence did not exceed that authorized by law.
The trial court correctly denied the appellant’s Rule 32 petition. Its judgment is therefore affirmed.
AFFIRMED.
All Judges concur.

. The appellant pleaded guilty to the offense pursuant to a negotiated plea agreement.